■ In the Matter of KINGS PARK PSYCHIATRIC CENTER, Respondent. GERALD L., Appellant. [612 NYS2d 428] —In a proceeding pursuant to Mental Hygiene Law article 9 for permission to administer anti-psychotic medication to an involuntarily-committed patient without his consent, the patient appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), dated October 15, 1993, which, after a hearing, granted the petition.

Ordered that the order is reversed, as a matter of discretion in the interest of justice, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

Pursuant to Judiciary Law § 35 (4), a court presented with a controversy regarding an involuntarily committed mentally ill patient who is refusing to take the medication prescribed by his physician possesses the discretion to order an independent psychiatric evaluation to determine whether the prescribed medication would serve the best interests of the patient (see, Rivers v Katz, 67 NY2d 485; Goetz v Crosson, 967 F2d 29). While the record at bar amply supports the conclusion that the patient suffers from mental illness, the mere fact that he is mentally ill does not "reduce[ ] in any manner [his] fundamental liberty interest to reject antipsychotic medication" (Rivers v Katz, supra, at 495).

In the instant case, the patient's appointed Mental Hygiene Legal Services attorney requested the appointment of an independent expert to review her client's medical records. It was counsel's contention that the prescribed medication would

not be appropriate and that an independent psychiatrist would support this contention. Unfortunately, counsel and the Assistant Attorney-General became embroiled in a petty dispute over who was responsible for past adjournments, and the court denied the application so as not to further delay this hearing which, it found, the patient's attorney was in fact prepared to conduct.

In *Rivers v Katz (supra,* at 490), the Court of Appeals acknowledged that anti-psychotic drugs frequently cause unwanted and even "devastating side effect[s]". The Assistant Attorney-General in this case stated for the record that "normally the Attorney-General's office never objects; we even join in the application[s]". Nevertheless, the Assistant Attorney-General objected to the appointment of an independent psychiatric expert in this case because the matter had previously been adjourned because the Assistant Attorney-General lost his glasses. Given the dire consequences to the petitioner of possibly receiving the wrong medication, we find that the court should not have denied the application without considering the merits thereof, notwithstanding that the matter had been previously adjourned, and notwithstanding the patient's attorney's unhelpful conduct. Therefore, as a matter of discretion in the interest of justice, we remit this matter to the court for the appointment of an independent psychiatric expert, as we are satisfied that the circumstances of this case indicate the patient's need therefor. The record reflects that the Attorney-General would have acquiesced to the application but for the personal hostility between counsel. Only after an expert has provided the court with a second opinion should it be determined that the prescribed medication is or is not indicated. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.