*905 OPINION OF THE COURT
Randall T. Eng, J.
By motion dated January 10,1996, the Mental Hygiene Legal Services, on behalf of the respondent and pursuant to Judiciary Law § 35 (4) and CPL 330.20 (15), has moved for an order appointing an independent psychiatrist to evaluate Marvin B.[1] and to testify at a subsequent retention hearing to be held pursuant to CPL 330.20 (9).
The application is opposed by the Attorney-General of the State of New York on behalf of the Commissioner of the New York State Office of Mental Health (OMH) and the Creedmore Psychiatric Center (CPC), and also by the District Attorney’s office for New York County.
Marvin B. was originally committed to the care and custody of the OMH on August 27,1985, by order of the Supreme Court, New York County, having been found not responsible by reason of mental disease or defect (by plea) for the stabbing death of another individual on May 1, 1985. Initially confined to the Kirby Forensic Psychiatric Hospital, a secure facility, the respondent was later found not to be suffering from a dangerous mental disorder, and in 1990 he was transferred to CPC, a non-secure civil psychiatric facility.
During the past 10[1]/2 years, Marvin B. has been confined to the care and custody of OMH pursuant to a series of successive retention orders, the last of which expired on May 5, 1995. Approximately three years ago, Justice Philip Chetta of the Queens Supreme Court appointed Dr. Lawrence A. Siegel, a forensic psychiatrist, as an independent psychiatrist to examine the respondent. At the conclusion of two psychiatric examinations by Dr. Siegel; the taking of the MMPI-2 psychological test by the respondent; and the review of Marvin B.’s test results, hospital record and his postarrest videotaped statement, Dr. Siegel concluded that: "Marvin B. continues to suffer from a psychotic mental disorder (chronic paranoid schizophrenia). Psychiatric hospitalization is essential to his welfare” (report to court, Dr. Lawrence A. Siegel, Feb. 28, 1994). On or about May 9, 1994, the defendant consented to be retained at CPC for an additional year.
In opposing this application, both the Attorney-General and the District Attorney have relied upon the Second Circuit *906 Court of Appeals holding in Goetz v Crosson (967 F2d 29). Goetz was a class action lawsuit seeking declaratory relief, arising from certain due process claims brought by three involuntarily committed patients at the Harlem Valley Psychiatric Center in upstate Dutchess County, New York. It was alleged that New York State fails to provide indigent patients subject to involuntary commitment with constitutionally required psychiatric assistance; including inadequate discretionary procedures for appointing a psychiatrist unassociated with the State to examine the patient and testify as to his or her condition at commitment or retention hearings.
The District Court for the Southern District of New York (Gerard L. Goettel, J.) granted summary judgment against the appellants and dismissed their complaint. Upon appeal and after an extensive discussion and review of New York State’s civil commitment procedures the Circuit Court held that: "the Due Process Clause does not grant an indigent individual subject to involuntary commitment an absolute right to the assistance of a consulting psychiatrist.[2] Such a right might arise in a case in which counsel has shown a compelling fact-specific need for the assistance of a psychiatrist to educate counsel in particular aspects of a case * * * Nor is there an absolute right to the assistance of an independent psychiatrist.[3] However, where the presiding judge determines that such testimony is necessary to a reliable assessment of a patient, an indigent individual should have the right to obtain the testimony of an independent psychiatrist” (Goetz v Crosson, supra, at 36-37).
The respondent Marvin B.’s application is exclusively addressed to the need for the appointment of an "independent” psychiatrist. Citing the language contained in the Goetz holding, the Attorney-General and the District Attorney argue that the Due Process Clause — read in conjunction with New York State laws governing involuntary civil commitments and related retention hearings — does not mandate the appointment of an independent psychiatrist for an indigent involuntarily committed patient. They further argue that only when the *907 court determines that such testimony is crucial to a reliable assessment of a patient (i.e., after testimony is received from the State’s doctor) should the indigent individual have the right to obtain the testimony of a court-appointed independent psychiatrist. Counsel for the respondent does not challenge the State’s interpretation or fair reading of the holding in the Goetz decision (supra) which, on its face, clearly sets forth the minimum constitutional or due process standards that must be met prior to the mandatory appointment of an independent psychiatrist for an indigent patient. Instead, the respondent contends that notwithstanding the Goetz decision, the court still retains its preexisting discretionary authority to appoint an independent psychiatrist pursuant to CPL 330.20 (15) and Judiciary Law § 35 (4).
This court finds the argument of respondent to be persuasive.
Section 35 (4) of the Judiciary Law, entitled "Assignment of counsel to indigent persons and appointment of physicians in certain proceedings”, provides, in pertinent part: "In any proceeding * * * when a person is alleged to be mentally ill, mentally defective * * * the court which ordered the hearing may appoint no more than two psychiatrists * * * or physicians to examine and testify at the hearing upon the condition of such person.”
CPL 330.20 (15), entitled "Designation of psychiatric examiners”, provides, in pertinent part: "If, at any hearing conducted under this section to determine the defendant’s present mental condition, the court is not satisfied with the findings of the psychiatric examiners, the court may direct the commissioner to designate one or more additional psychiatric examiners to conduct an examination of the defendant and submit a report of their findings. In addition, the court may on its own motion, or upon request of a party, may designate one or more psychiatric examiners to examine the defendant and submit a report of their findings” (emphasis supplied).
Marvin B. does not seek relief pursuant to a Goetz-due process allegation; rather the respondent has asked this court to appoint an independent psychiatrist pursuant to the discretionary authority provided by the above-cited statutes. In addition, the respondent correctly asserts that the holding in Goetz v Crosson (supra) did nothing to diminish this discretionary authority, as it was only concerned with the mandatory appointment of psychiatric examiners ("consulting” and "independent”) in those situations invoking due process considerations.
*908 Under the particular circumstances of these proceedings, wherein the respondent has already been subject to an involuntary civil commitment for over 10 years, has seen his commitment status downgraded from a dangerous mental disorder to mentally ill and, most interestingly, has previously been examined by an independent psychiatrist some three years ago,[4] this court finds that the appointment of an independent psychiatrist could only serve to enlighten the court with respect to the complex psychiatric issues involved herein. By making such an appointment, the court does not mean to suggest that the doctor testifying on behalf of CPC would be biased or that he or she might lack the necessary knowledge to competently and thoroughly testify with respect to Marvin B.’s present condition. Rather, the court merely seeks to explore all practicable avenues of information and interpretation which are available to it. By following this procedure, a hearing fundamentally fair to both the respondent and the State will result.
Accordingly, the respondent’s motion is granted and his attorney is directed to submit an order to this court providing, inter alia, for the appointment of Dr. Lawrence A. Siegel as an independent psychiatric examiner in this proceeding.

. The respondent’s name has been altered in keeping with the confidentiality requirements of the Mental Hygiene Law.

2. "Consulting” psychiatrist: defined as one performing two tasks: (1) testifying on behalf of the patient at a hearing if the patient’s clinical condition so warrants, and (2) assisting counsel in the preparation of the patient’s case, whether or not he or she believes that commitment or retention is appropriate.

3. "Independent” psychiatrist: defined as one unassociated with the State to examine the patient and testify as to his or her condition at commitment or retention hearings (see, Judiciary Law § 35 [4]).

. Curiously, neither the Attorney-General nor the District Attorney have commented on whether or not they sought to challenge the March 1993 appointment of Dr. Siegel by Justice Chetta. Goetz v Crosson (supra) had been decided on June 10, 1992 and certainly could have been cited in opposition to any proposed appointment of an independent psychiatrist.