OPINION OF THE COURT
William M. Erlbaum, J.
On behalf of the Commissioner of Mental Health for the State of New York, Donna L. Hall, Ph.D., Deputy Director of the Division of Forensic Services, has filed an application, dated June 12, 2008, for a court-ordered continuation of the order of conditions, that had expired on August 28, 2006, that had been in place for the respondent, Ed. The application on behalf of the Commissioner, based upon the ground that the respondent allegedly is in continuous need of supervision and treatment, proposes that the respondent attend an outpatient mental health program, reside in approved housing, refrain from alcohol or drug use, submit to sobriety screenings, and refrain from applying for a firearm license, or owning or possessing a firearm.
The respondent submits that he has been living for two years without an order of conditions, and he believes that he can maintain his current, appropriate behavior without court-ordered conditions.[1] He is requesting that a hearing be conducted to determine whether the order of conditions should be extended.[2] 6See minutes of part K-4, Nov. 7, 2008, at 7, 8, 24.)
In light of the respondent’s request for a hearing,[3] he has filed a motion dated September 19, 2008, and a reply affirma *579 tion dated October 10, 2008, requesting that the court appoint an independent psychiatric examiner to evaluate the respondent and testify at a hearing regarding the extension of the order of conditions.[4] The New York State Attorney General’s Office, on behalf of the petitioner, has filed an affirmation, dated September 18, 2008, opposing such relief.[5] Oral argument on this issue was conducted before the court on November 7, 2008.
Initially, the court finds that it has discretionary authority to appoint an expert independent psychiatric examiner to evaluate the respondent and report his findings to the court. CPL 330.20 (15), entitled “Designation of psychiatric examiners,” states,
“If, at any hearing conducted under this section to determine the defendant’s present mental condition, the court is not satisfied with the findings of the psychiatric examiners, the court may direct the commissioner to designate one or more additional psychiatric examiners to conduct an examination of the defendant and submit a report of their findings. In addition, the court may on its own motion, or upon request of a party, may [sic] designate one or more psychiatric examiners to examine the defendant and submit a report of their findings” (emphasis added).
The hearing requested by the respondent to determine the issue of potentially extending the order of conditions (see CPL 330.20 [1] [o]) is contained in the same section of the Criminal Procedure Law as CPL 330.20 (15). Furthermore, since the hearing will necessarily evaluate the respondent’s present mental condition, the plain reading of this statute gives the court the authority to appoint an expert.
Additionally, Judiciary Law § 35, entitled “Assignment of counsel to indigent persons and appointment of physicians in certain proceedings,” also seems to grant the court such authority. Judiciary Law § 35 (4) states, “when a person is alleged to *580 be mentally ill, mentally defective or a narcotic addict, the court which ordered the hearing may appoint no more than two psychiatrists, certified psychologists or physicians to examine and testify at the hearing upon the condition of such person.”[6] The court is well aware that section 35 (4) of the Judiciary Law refers to subdivision (1) (a) of that section when describing the types of proceedings where experts may be needed. These proceedings involve hearings concerning such issues as writs of habeas corpus in regard to the cause of an individual’s detention in a state facility, hearings in civil proceedings to commit someone to a state institution for the mentally ill, or hearings relating to custody and guardianship issues of children with mentally ill parents. (See Judiciary Law § 35 [1] [a].) And though the type of hearing that will be conducted in the case at bar, one pertaining to the extension of an order of conditions, is not explicitly listed in the above-cited categories, the court notes that it is not forbidden by the statute. Furthermore, the central issue in this case is the respondent’s mental condition, which is also the central issue of these sections of the Judiciary Law. Additionally, the court notes the holdings of Matter of Mamin B. (167 Misc 2d 904 [1996]), Matter of Gregory F. (292 AD2d 606 [2d Dept 2002]), and Matter of Kings Park Psychiatric Ctr. (Gerald L.) (204 AD2d 724 [2d Dept 1994]). In each of these cases, the courts found that the Judiciary Law gave the courts authority and discretion to appoint an independent psychiatric examiner. And, in each of these cases, though hearings were conducted concerning the respondent’s mental condition, none of the hearings conducted were specifically delineated under Ju *581 diciary Law § 35 (1) (a).[7] Accordingly, the court finds that it has the authority and discretion to appoint an independent psychiatric examiner in this case pursuant to the respondent’s request.
The next issue for the court to determine is whether the court should exercise its discretion in this case and make such an appointment. The court finds that it should.
In support of the respondent’s application for the appointment of an independent psychiatrist to evaluate him, the respondent argues that it would be extremely difficult to prevail at a hearing disputing the necessity of extending the order of conditions without the testimony of an expert. The respondent submits that if the sole witness testifying at the hearing is affiliated with the State, and in favor of the extension, his testimony would be unrebutted, and that it would be unlikely that he would be able to proffer any evidence in support of his position. Furthermore, the respondent submits that another medical opinion, in addition to the State’s witness, would be beneficial to the court in providing more information to aid the court in evaluating the complex mental health issues involved herein. Lastly, the respondent submits that since the respondent has been living the past two years without an order of conditions, not only does he have a liberty interest at stake should the expired order of conditions be extended, but the issue as to why the order was allowed to expire without an earlier application for an extension would be best explored with a second medical opinion.
The court finds all of these arguments compelling and persuasive. As the court in Matter of Marvin B. (167 Misc 2d 904, 908 [1996]) stated,
“the appointment of an independent psychiatrist could only serve to enlighten the court with respect *582 to the complex psychiatric issues involved herein. By making such an appointment, the court does not mean to suggest that the doctor testifying on behalf of [the facility] would be biased or that he or she might lack the necessary knowledge to competently and thoroughly testify with respect to [the respondent’s] present condition. Rather, the court merely seeks to explore all practicable avenues of information and interpretation which are available to it. By following this procedure, a hearing fundamentally fair to both the respondent and the State will result.”
This court could not agree more with that rationale.[8] (See also Matter of Gregory F., 292 AD2d 606 [2002] [holding that a second psychiatric opinion would aid the court in its determination as to a patient’s treatment].)
The court would note that the petitioner instead urges the court to follow the rationale of Matter of Schlomo S. (Richmond County, June 25, 2003, Mega, J., index No. 1088/93). In that case, the court declined to appoint an expert psychiatric witness for the respondent in a hearing on an extension of an order of conditions. The court held, at page 4, that “the particular facts of this matter, particularly the non-custodial status of [the respondent], do not support the appointment of an independent psychiatric examiner. The modifications in the proposed Order of Conditions are not such that [the respondent’s] fundamental liberty interest is reduced in any material way.”[9]
This court declines to follow the rationale of that trial court, in that the facts and circumstances of the case at bar are significantly distinguishable. In Schlomo, the respondent was the subject of a valid order of conditions when the State moved to extend the order. Though the respondent was not in custody, the State still had authority over him, hence the court’s finding that his liberty interest would not be reduced by an extension of the order. However, the respondent in the case at bar has been living for two years without conditions. Were conditions to be imposed now, even though the respondent is also not in custody, the respondent’s liberty rights may be infringed upon, and therefore, an independent expert opinion is warranted.
*583 Accordingly, the court hereby directs that a hearing be conducted as to the petitioner’s application for an extension of an order of conditions as it relates to Ed. The court further directs that an independent psychiatric examiner be appointed, at public expense, to evaluate the respondent’s mental condition and testify at a hearing concerning the within proceeding.

. It appears from a review of an affirmation, dated June 2, 2008, of a staff psychiatrist at Creedmoor Psychiatric Center, attached to the Attorney General’s (counsel for the petitioner) paperwork, that though the latest order of conditions has expired, the respondent has continually been receiving psychiatric treatment, and living and working in settings approved by the Office of Mental Health.

. The court has the authority to extend an order of conditions after its expiration. (See Matter of Albert E, 5 AD 3d 5 [2d Dept 2004], Iv denied 2 NY3d 708 [2004]; see also Matter of Ramon M., 294 AD2d 59 [1st Dept 2002], Iv dismissed 98 NY2d 727 [2002].)

. As the minutes of part K-4 (at 24, lines 15-16) reflect, the New York State Attorney General’s Office, on behalf of the petitioner, has indicated that despite its usual practice, it will not consent to the respondent’s request for a hearing on the issue of extending the order of conditions. Though the parties have not fully and completely briefed and argued the issue as to *579 whether the petitioner’s consent is necessary before a hearing may be granted, the court finds that since the respondent is disputing the need for the extension of the order of conditions (see minutes of part K-4, at 22, line 24; 23, line 1), which has been expired for two years, the facts of this case support the court ordering a hearing.

. Presumably, the petitioner will be proffering a doctor associated with Creedmoor Psychiatric Center in support of the application to extend the order of conditions. (See minutes, Nov. 7, 2008, at 11.)

. The District Attorney of Nassau County, who had indicted the respondent in 1983, has filed an affirmation, dated September 23, 2008, of no position.

. This section of the Judiciary Law continues,
“A psychiatrist, psychologist or physician so appointed shall, upon completion of his services, receive reimbursement for expenses reasonably incurred and reasonable compensation for such services, to be fixed by the court. Such compensation shall not exceed two hundred dollars if one psychiatrist, psychologist or physician is appointed, or an aggregate sum of three hundred dollars if two psychiatrists, psychologists or physicians are appointed, except that in extraordinary circumstances the court may provide for compensation in excess of the foregoing limits.”
This section of the Judiciary Law authorizes the expert to be compensated at public expense. (See also Matter of Machuca, 113 Misc 2d 1044 [1982] [holding that the funding for the expert is authorized under the Judiciary Law (a different subdivision of Judiciary Law § 35, apparently from an older, preamended version of the law, but the language is the same)].)

. The court notes that the Assistant Attorney General in oral argument submitted that the issue of whether the respondent is, or is not, in custody would make a difference as to whether the appointment of an expert is within the court’s authority under the Judiciary Law. However, the court finds the custody status of the respondent to not be relevant to this issue. In Matter of Marvin B. (167 Misc 2d 904 [1996]), the hearing was one of retention pursuant to CPL 330.20 (9). In Matter of Kings Park Psychiatric Ctr. (Gerald L.) (204 AD2d 724 [1994]) the hearing concerned administering antipsychotic medication without a patient’s consent, and in Matter of Gregory F. (292 AD2d 606 [2002]), the hearing concerned administering electroconvulsive therapy to a patient without consent. Though the cases indicate that the patients in Marvin and Kings Park were in custody, and in Gregory the patient was presumably in custody, the hearings did not concern the cause of their detention, or any other subject specifically listed in Judiciary Law § 35 (1) (a).

. As an aside, this court notes that it is the usual practice of the State to consent to the very application that is the subject of this discussion, namely, the appointment of an independent psychiatric expert.

. The court notes that the court in Schlomo held that it was within its discretion to appoint an expert if it chose to do so.