In the Matter of DONALD SAWYER, PH.D., Executive Director of Central New York Psychiatric Center, Respondent, for an Order Authorizing the Involuntary Treatment of R.G., a Patient at Central New York Psychiatric Center, Appellant. [891 NYS2d 813]—

Memorandum: Petitioner commenced this proceeding seeking, inter alia, to administer antipsychotic medication to respondent over his objection pursuant to the parens patriae power of the State of New York (*see Matter of William S.*, 31 AD3d 567, 568 [2006]; *see generally Rivers v Katz*, 67 NY2d 485, 496-498 [1986], *rearg denied* 68 NY2d 808 [1986]). We conclude that Supreme Court properly granted the petition. Contrary to respondent's contention, petitioner met his burden of establishing by clear and convincing evidence that respondent lacked "the capacity to make a reasoned decision with respect to proposed treatment" (*Rivers*, 67 NY2d at 497; *cf. Matter of Joseph O.*, 245 AD2d 856, 857-858 [1997]). Here, "[t]he uncontroverted expert testimony [established] that respondent suffers from a debilitating mental illness which he himself fails to perceive, a conclusion borne out by respondent's own testimony" (*Matter of McConnell*, 147 AD2d 881, 882 [1989], *appeal dismissed and lv denied* 74 NY2d 759 [1989]; *see Matter of Eleanor R. v South Oaks Hosp.*, 123 AD2d 460 [1986], *lv denied* 69 NY2d 602 [1986]). Even assuming, arguendo, that the reports of respondent's behavior while in prison that were contained in respondent's medical file constituted impermissible hearsay, we conclude that petitioner's expert witness properly considered them in forming her opinion inasmuch as the reports included information "of a kind accepted in the profession as

reliable in forming a professional opinion" (*People v Sugden*, 35 NY2d 453, 460 [1974]; *see People v Angelo*, 88 NY2d 217, 222 [1996]). Further, under the circumstances of this case, the court did not abuse its discretion in limiting respondent's cross-examination of petitioner's expert witness (*see generally Matter of Simone D.*, 9 NY3d 828 [2007]).

Contrary to the further contention of respondent, the proposed treatment was "narrowly tailored to give substantive effect to [his] liberty interest" (*Rivers*, 67 NY2d at 497). The order provides that petitioner's authority to administer medication to respondent over his objection is limited to the single course of treatment proposed by petitioner, i.e., antipsychotic medication, and is conditioned upon the continued incapacity of respondent to make a reasoned decision concerning his treatment. In any event, petitioner's authority to administer the medication will terminate one year after respondent returns to a correctional facility. Further, the record establishes that the court considered "all relevant circumstances, including [respondent's] best interests, the benefits to be gained from the [proposed] treatment, the adverse side effects associated with the treatment and any less intrusive alternative treatments" (*id.* at 497-498). Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.