Matter of Schlee (2021 NY Slip Op 02898)





Matter of Schlee


2021 NY Slip Op 02898


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


155 CA 20-00507

[*1]IN THE MATTER OF THE APPLICATION TOM SCHLEE, UNIT CHIEF OF CENTRAL NEW YORK PSYCHIATRIC CENTER, FIVE POINTS SATELLITE UNIT, PETITIONER-RESPONDENT, FOR AN ORDER AUTHORIZING THE INVOLUNTARY TREATMENT OF CLARENCE E., RESPONDENT-APPELLANT.






TODD G. MONAHAN, LITTLE FALLS, FOR RESPONDENT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Seneca County (Daniel J. Doyle, J.), entered June 12, 2019. The order granted the petition to administer antipsychotic medications to respondent over his objection. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding seeking authorization to administer antipsychotic medications to respondent over his objection pursuant to the parens patriae power of the State of New York (see Matter of Sawyer [R.G.], 68 AD3d 1734, 1734-1735 [4th Dept 2009]; see generally Rivers v Katz, 67 NY2d 485, 496-498 [1986], rearg denied 68 NY2d 808 [1986]). We conclude that Supreme Court properly granted the petition. Contrary to respondent's contention, petitioner met his burden of establishing by clear and convincing evidence that respondent lacks "the capacity to make a reasoned decision with respect to [the] proposed treatment" (Rivers, 67 NY2d at 497). Petitioner's evidence demonstrated that respondent suffered from schizoaffective disorder, bipolar type and that respondent was delusional and lacked insight regarding his illness (see Matter of William S., 31 AD3d 567, 568 [2d Dept 2006]; Matter of Mausner v William E., 264 AD2d 485, 486 [2d Dept 1999]). Indeed, petitioner established that respondent did not believe that he needed medication for his mental illness, which highlighted his inability to fully appreciate his diagnosis and its effect on him and those around him (see Sawyer, 68 AD3d at 1734; Matter of Paris M. v Creedmoor Psychiatric Ctr., 30 AD3d 425, 426 [2d Dept 2006]; Matter of McConnell, 147 AD2d 881, 882 [3d Dept 1989], appeal dismissed and lv denied 74 NY2d 759 [1989]). Although respondent testified on his own behalf that he would accept properly administered medication, he also testified that his "mental health problem" did not require treatment by medication. We perceive no basis to disturb the court's determination to the contrary given petitioner's evidence and the discrepancies in respondent's testimony (see William S., 31 AD3d at 568).
Contrary to respondent's further contention, petitioner also established by clear and convincing evidence that the proposed two-year treatment plan was "narrowly tailored to give substantive effect to [respondent's] liberty interest" (Rivers, 67 NY2d at 497; see Sawyer, 68 AD3d at 1735). Respondent's treating and reviewing physicians each determined that respondent's prognosis for improvement without changing his course of treatment was minimal. Additionally, both evaluation reports prepared by the physicians in support of the petition identified the proposed medications for respondent's treatment; the purported benefits thereof, including the expectation that respondent's delusions would abate; and any reasonably foreseeable adverse side effects. The reports also included a plan for monitoring respondent for adverse side effects through, inter alia, regular blood work and organ function tests.
Respondent further contends that he was denied effective assistance of counsel based on, inter alia, counsel's failure to successfully advocate for a second adjournment and to convince the court that an independent examination of respondent was warranted. We reject that contention because, even assuming, arguendo, that respondent has the right to meaningful assistance of counsel during proceedings such as these, he failed to "demonstrate the absence of strategic or other legitimate explanations" for counsel's alleged deficiencies (People v Caban, 5 NY3d 143, 154 [2005]), and we conclude that his attorney provided meaningful representation (see Matter of State of New York v Leslie L., 174 AD3d 1326, 1327 [4th Dept 2019], lv denied 34 NY3d 903 [2019]; see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, we reject respondent's remaining due process contentions inasmuch as the court did not abuse its discretion in denying his request for an independent psychiatric examination (see generally Matter of Kings Park Psychiatric Ctr. [Gerald L.], 204 AD2d 724, 724 [2d Dept 1994]).
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court