Matter of Harper v Louis M. (2021 NY Slip Op 04325)





Matter of Harper v Louis M.


2021 NY Slip Op 04325


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


1204 CA 19-02248

[*1]IN THE MATTER OF THE APPLICATION OF JOHN HARPER, SUPERINTENDENT, AND ERIN MOSHER, MENTAL HEALTH UNIT CHIEF OF WALSH REGIONAL MEDICAL UNIT AT MOHAWK CORRECTIONAL FACILITY, PETITIONERS-RESPONDENTS,
v
LOUIS M., RESPONDENT-APPELLANT. (APPEAL NO. 2.) 






KEVIN D. WILSON, ACTING DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA (STEVEN J. HUNTZINGER OF COUNSEL), FOR RESPONDENT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF COUNSEL), FOR PETITIONERS-RESPONDENTS. 


 Appeal from an amended order of the Supreme Court, Oneida County (Louis P. Gigliotti, A.J.), entered November 4, 2019 in a proceeding pursuant to Mental Hygiene Law § 33.03. The amended order, among other things, authorized the administration of medication to respondent over his objection for a period of up to 24 months. 
It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners commenced this proceeding seeking authorization for the continued administration of a course of treatment to respondent over his objection pursuant to the parens patriae power of the State of New York (see Matter of Sawyer [R.G.], 68 AD3d 1734, 1734-1735 [4th Dept 2009]; see generally Rivers v Katz, 67 NY2d 485, 496-498 [1986], rearg denied 68 NY2d 808 [1986]). Respondent is an inmate serving an 18-year sentence of imprisonment for his conviction of manslaughter in the first degree, and he suffers from schizophrenia and antisocial personality disorder. Respondent now appeals from an amended order (treatment order) that, following a hearing, authorized the continued administration, over his objection, of a regimen of the medication Haldol Decanoate, and also authorized certain alternative medication regimens, for a period of up to 24 months from the date of the treatment order. We affirm.
It is well settled that "the State may administer a course of medical treatment against a patient's will if it establishes, by clear and convincing evidence, that the patient lacks the capacity to make a reasoned decision with respect to proposed treatment . . . , and that 'the proposed treatment is narrowly tailored to give substantive effect to the patient's liberty interest, taking into consideration all relevant circumstances, including the patient's best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment and any less intrusive alternative treatments' " (Matter of Samuel D. [Mid-Hudson Forensic Psychiatric Ctr.], 171 AD3d 1172, 1173 [2d Dept 2019], appeal dismissed 33 NY3d 1117 [2019], quoting Rivers, 67 NY2d at 497-498).
Here, respondent does not dispute that he lacks the capacity to make a reasoned decision with respect to his treatment. Rather, he contends that petitioners failed to establish by clear and convincing evidence that the treatment order, with respect to both the 24-month duration and the inclusion of the alternative medication regimens, was "narrowly tailored to give substantive effect to [his] liberty interest" (Rivers, 67 NY2d at 497). We reject respondent's contentions. [*2]With respect to the duration of the treatment order, petitioners presented, inter alia, the testimony of respondent's treating psychiatrist, who noted that respondent would be assigned to a new treating psychiatrist and who requested that Supreme Court issue an order that would be effective for a period of 24 months to allow a rapport to develop between the new treating psychiatrist and respondent. Moreover, the treating psychiatrist's evaluation reports admitted in evidence at the hearing established that respondent has a history of paranoia and suspicion of others, and of refusing to take medication. Contrary to respondent's contention, we conclude that the court properly took into consideration all of the relevant circumstances relating to the requested duration of the treatment order (see id. at 497-498).
With respect to the alternative medication regimens, the evaluation reports of the treating psychiatrist provided a list of the alternative medications, as well as, inter alia, the "appropriate dosages and frequencies" of those medications and their foreseeable side effects (Matter of Tyrone M., 186 AD3d 604, 606 [2d Dept 2020]). In addition, one of the reports established that, with the "additional suggested medications that can be tried and maintained, [respondent was] expected to have alleviation of psychosis, diminish[ed] irritability and aggression and diminished impulsivity." Thus, under the circumstances of this case, we conclude that petitioners established by clear and convincing evidence that the treatment order should include the alternative medication regimens in question (cf. Matter of Radcliffe M., 155 AD3d 956, 958 [2d Dept 2017]; see generally Matter of Guttmacher [James M.], 181 AD3d 1313, 1314 [4th Dept 2020]).
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court