Matter of Kunz (F.H.) (2024 NY Slip Op 04520)

Matter of Kunz (F.H.)

2024 NY Slip Op 04520

Decided on September 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 24, 2024

Before: Singh, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Index No. 530880/23 Appeal No. 2602 Case No. 2024-01956 

[*1]In the Matter of Michal Kunz, M.D. etc., Petitioner-Respondent, F.H., a Patient at Kirby Forensic Psychiatric Center, Respondent-Appellant.

Marvin Bernstein, Director, Mental Hygiene Legal Service, New York (Naomi M. Weinstein of counsel), for appellant.
Letitia James, Attorney General, New York (Joshua N. Cohen of counsel), for respondent.

Order, Supreme Court, New York County (W. Franc Perry III, J.), entered on or about March 1, 2024, which, to the extent appealed from as limited by the briefs, after a hearing, granted the petition seeking authorization for petitioner Kirby Forensic Psychiatry Center to administer five prescribed medications to respondent F.H. without her consent, unanimously affirmed, without costs.
Petitioner commenced this proceeding seeking authorization to administer a course of treatment over F.H.'s objection under the State's parens patriae power (see Rivers v Katz, 67 NY2d 485, 496-497 [1986]). At the hearing, petitioner offered the expert testimony of one of F.H.'s treating psychiatrists, Dr. Matthew Fan, who testified that respondent is diagnosed with schizoaffective disorder. F.H. experiences delusions and hallucinations and periodically refuses nutrition and medication, resulting in life-threatening health conditions.
F.H. does not dispute that she lacks the capacity to make her own treatment decisions (see id. at 496-497). In addition, the State satisfied its burden of demonstrating by clear and convincing evidence that the treatment plan is narrowly tailored to give substantive effect to F.H.'s liberty interest with respect to the five challenged medications that are the subject of this appeal: aripiprazole, valproic acid, haloperidol decanoate, fluphenazine decanoate, and lithium (see id. at 497-498). Dr. Fan testified that the benefits of the proposed medications outweigh the risks of possible adverse effects and that F.H.'s prognosis without the proposed treatment is "[e]xtraordinarily poor." Dr. Fan also testified to the necessity of including Abilify Maintena, an injectable form of aripiprozole, as a primary antipsychotic medication in respondent's treatment plan in the event that she refuses her oral antipsychotic. Further, he testified to the need to maintain authorization to treat F.H. with Depakote, a brand name for valproic acid, as a primary mood stabilizer given her history of mood symptoms, even though her mood was stable at the time of the hearing.
F.H.'s reported allergies to or adverse side effects from the challenged medications do not undermine the inclusion of those medications in her treatment plan in light of Dr. Fan's testimony that F.H. has repeatedly asserted that she is "allergic to all psychiatric medications" and that her medical team has "not observed" any adverse allergic reactions or side effects. Dr. Fan testified that F.H. lacked insight into her illness and that her "thoughts and memories" about past reactions "could be affected" by her psychosis. Dr. Fan further testified that F.H. would be closely "monitored for any possible side effects" of her medications.
The State also satisfied its burden with respect to the alternative medications in F.H.'s treatment plan. Dr. Fan testified about the necessity of having immediately available alternative medications to account for efficacy issues, patient refusal, and potential [*2]side effects. The order includes dosages and circumstances under which the alternatives would be administered and authorizes "all necessary medications to counteract possible side effects and laboratory tests to monitor efficacy of medications." This record sufficiently supports the authorization of the alternative medications (see Matter of Harper v Louis M., 196 AD3d 1086, 1087-1088 [4th Dept 2021]; Matter of Schlee [Clarence E.], 194 AD3d 1365, 1366 [4th Dept 2021]; Matter of Guttmacher [James M.], 181 AD3d 1313, 1314 [4th Dept 2020]).
We have considered F.H.'s remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 24, 2024