Matter of Dill v Jose P. (2025 NY Slip Op 01499)

Matter of Dill v Jose P.

2025 NY Slip Op 01499

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, SMITH, DELCONTE, AND HANNAH, JJ.

177 CA 24-00785

[*1]IN THE MATTER OF DANIELLE DILL, PSY.D., EXECUTIVE DIRECTOR, CENTRAL NEW YORK PSYCHIATRIC CENTER, PETITIONER-RESPONDENT,
v
JOSE P., RESPONDENT-APPELLANT. 

ELIZABETH S. FORTINO, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR RESPONDENT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (RACHEL RAIMONDI OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (Charles C. Merrell, J.), entered April 1, 2024. The order, inter alia, authorized petitioner to administer medication to respondent over his objection. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this proceeding seeking authorization to administer a course of treatment to respondent over his objection pursuant to the parens patriae power of the State of New York (see Matter of Sawyer [R.G.], 68 AD3d 1734, 1734-1735 [4th Dept 2009]; see generally Rivers v Katz, 67 NY2d 485, 496-498 [1986], rearg denied 68 NY2d 808 [1986]). Respondent is an incarcerated individual serving a 20-year sentence of imprisonment for his conviction of attempted murder in the second degree (Penal Law §§ 110.00, 125.25) who was subsequently indicted for promoting prison contraband in the first degree (§ 205.25) and then admitted to the Central New York Psychiatric Center pursuant to CPL 730.50 for competency restoration and treatment services. Following a hearing, Supreme Court issued an order that, inter alia, authorized the administration, over respondent's objection, of a regimen of Risperdal, as well as certain alternative medication regimens in the event of refusal, for a period of up to 12 months from the date of the treatment order. Respondent appeals, and we affirm.
"[T]he State may administer a course of medical treatment against a patient's will if it establishes, by clear and convincing evidence, that the patient lacks the capacity to make a reasoned decision with respect to proposed treatment . . . , and that the proposed treatment is narrowly tailored to give substantive effect to the patient's liberty interest, taking into consideration all relevant circumstances, including the patient's best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment and any less intrusive alternative treatments" (Matter of Harper v Louis M., 196 AD3d 1086, 1087 [4th Dept 2021] [internal quotation marks omitted]; see Rivers, 67 NY2d at 497-498; Matter of Samuel D. [Mid-Hudson Forensic Psychiatric Ctr.], 171 AD3d 1172, 1173 [2d Dept 2019], appeal dismissed 33 NY3d 1117 [2019]). "Whether a mentally ill patient has the capacity to make a reasoned decision with respect to treatment is a question of fact for the hearing court, the credibility findings of which are entitled to due deference" (Matter of Beverly F. [Creedmoor Psychiatric Ctr.], 150 AD3d 998, 998 [2d Dept 2017]; see Matter of Guttmacher [James M.], 181 AD3d 1313, 1313 [4th Dept 2020]).
Here, petitioner met her burden through, inter alia, the uncontroverted expert testimony of respondent's treating psychiatrist, who testified that respondent exhibited psychosis, disorganized [*2]speech and thinking, and delusional thoughts; diagnosed him with schizophrenia; and opined that, as a result of his mental illness, respondent lacked the capacity to make a reasoned decision with respect to the proposed treatment (see Matter of Schlee [Clarence E.], 194 AD3d 1365, 1366 [4th Dept 2021]; Guttmacher, 181 AD3d at 1313). Petitioner further established, through the uncontroverted expert testimony, that the proposed treatment was "narrowly tailored to give substantive effect to [respondent's] liberty interest, taking into consideration all relevant circumstances, including the patient's best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment and any less intrusive alternative treatments" (Rivers, 67 NY2d at 497-498; see Schlee, 194 AD3d at 1366).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court