Matter of Kunz v R.J. (2026 NY Slip Op 01850)

Matter of Kunz v R.J.

2026 NY Slip Op 01850

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Kapnick, Higgitt, Rosado, JJ. 

Index No. 530065/16|Appeal No. 6211|Case No. 2025-02571|

[*1]In the Matter of Michal Kunz MD etc., Respondent,
vR.J., Appellant.

Marvin Bernstein, Mental Hygiene Legal Service, New York (Naomi M. Weinstein of counsel), for appellant.
Letitia James, Attorney General, New York (Danny Yao Li of counsel), for respondent.

Order, Supreme Court, New York County (W. Franc Perry III, J.), entered April 1, 2025, which, after a hearing, granted petitioner's application for the administration of anti-psychotic and mood-stabilizing medications to respondent for a period of one year, unanimously affirmed, without costs.
Although the order under appeal expired by its terms upon respondent's discharge from petitioner psychiatric center, we find that this appeal falls within the mootness exception doctrine because there is a likelihood of repetition, it is an occurrence typically evading review, and it involves substantial issues (see Matter of Lucas QQ. [Rahman], 146 AD3d 92, 95 [3d Dept 2016]).
Petitioner met its burden of establishing by clear and convincing evidence that respondent lacks "the capacity to make a reasoned decision with respect to [the] proposed treatment" (Rivers v Katz, 67 NY2d 485, 497 [1986]). Petitioner's evidence demonstrated that respondent suffered from "delusional disorder mixed state" (paranoia and grandiosity), an unrebutted psychiatric diagnosis of a presently existing psychotic disorder that was directly related to respondent's capacity to reason and whose symptoms grew worse when not on medication, and that respondent lacked insight regarding his mental illness (see Matter of Maldonado v R.J., 93 AD3d 465, 466 [1st Dept 2012]; Matter of William S., 31 AD3d 567, 568 [2d Dept 2006]). Petitioner further established, based on the testimony of the treating physician and respondent's hearing testimony, that respondent did not believe that he suffered from a mental illness or needed medication for his mental illness, which highlighted his inability to fully appreciate his diagnosis and his lack of capacity to assess his need for medication (see Matter of Walawender v Antonio T., 236 AD3d 1389, 1390 [4th Dept 2025], lv dismissed 44 NY3d 1071 [2026]; Matter of Schlee [Clarence E.], 194 AD3d 1365, 1366 [4th Dept 2021]).
The uncontroverted expert testimony concerning the proposed one-year treatment plan that detailed the medications, their dosages, and frequencies, also established by clear and convincing evidence that the plan was "narrowly tailored to give substantive effect to [respondent's] liberty interest" (Rivers, 67 NY2d at 497). The record shows that all relevant circumstances were considered, "including [respondent's] best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment," and the alternative treatments (id. at 497-498; see Matter of Dill v Jose P., 236 AD3d 1378, 1379 [4th Dept 2025]; Matter of Schlee, 194 AD3d at 1366; Matter of Pison B. [Raleigh B.], 163 AD3d 660 [2d Dept 2018]).
We have considered respondent's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026