Matter of Kunz v C.Y.

2026 NY Slip Op 03232

May 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Michal Kunz, M.D., etc., Petitioner-Respondent,

v

C.Y., Respondent-Appellant.

Decided and Entered: May 21, 2026

Index No. 530187/25|Appeal No. 6695|Case No. 2025-04934|

Before: Moulton, J.P., González, O'Neill Levy, Chan, Hagler, JJ.

Marvin Bernstein, Mental Hygiene Legal Services, New York (Jessica Hallam of counsel), for appellant.

Letitia James, Attorney General, New York (Samantha Neal of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Leticia Maria Ramirez, J.), entered on or about July 29, 2025, which, after a hearing, granted petitioner's application for the administration of medication treatment over objection to respondent for a period of one year, unanimously affirmed, without costs.

Supreme Court properly granted the petition for the administration of medication over objection to respondent, an involuntarily committed patient diagnosed with unspecified schizophrenia with consideration for delusional disorder, and who had stopped taking his medication. The July 2025 petition is not subject to dismissal based on the res judicata effect of the January and May 2025 denials of two prior petitions seeking the same order for an authorization of involuntary medication treatment because this third petition was not an improper successive petition (see People ex rel. Leonard HH. v Nixon, 148 AD2d 75, 80-81 [3d Dept 1989]). It was not based entirely on the same facts regarding the capacity of respondent to make a reasoned decision about medication treatment that were offered in support of the prior petitions. Rather, the July 2025 petition was supported by new evidence showing a change in the relevant circumstances that related to respondent's capacity to make such decisions, including evidence from June 2025 that respondent had developed a new persecutory delusion, in addition to his prior delusion that he had been implanted with a microchip, and that his behavior had grown increasingly erratic and threatening.

At the July 2025 hearing, petitioner established by clear and convincing evidence that respondent lacks "the capacity to make a reasoned decision with respect to [the] proposed treatment" (Rivers v Katz, 67 NY2d 485, 497 [1986]; Matter of Maldonado v R.J., 93 AD3d 465, 466 [1st Dept 2012]; Matter of William S., 31 AD3d 567, 568 [2d Dept 2006]). The new evidence submitted at the hearing along with the unrebutted psychiatric diagnosis of a presently existing psychotic disorder that was directly related to respondent's capacity to reason, and whose delusions grew worse when not on medication, showed that respondent lacked insight regarding his mental illness.

The testimony concerning respondent's belief that he does not suffer from a mental illness or have the need for medication to treat his condition highlighted his inability to fully appreciate his diagnosis and his lack of capacity to assess his need for medication (see Matter of Kunz v R.J., 247 AD3d 649 [1st Dept 2026]; Matter of Walawender v Antonio T., 236 AD3d 1389, 1390 [4th Dept 2025], lv dismissed 44 NY3d 1071 [2026]; Matter of Schlee [Clarence E.], 194 AD3d 1365, 1366 [4th Dept 2021]).

[*2]

Petitioner also established by clear and convincing evidence that the treatment plan was the least intrusive and most "narrowly tailored to give substantive effect to [respondent's] liberty interest" (Rivers, 67 NY2d at 497). Petitioner met this burden through the uncontroverted testimony of their expert specifically opining as to the benefits of the proposed medications, that they outweigh the risks of possible adverse effects, and that the proposed treatment plan, which detailed the medications, their dosages, and frequencies, was the least intrusive and most narrowly tailored plan under the circumstances. The record also shows that all relevant circumstances were considered, "including [respondent's] best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment," and the alternative treatments (id. at 497-498; see Kunz, 247 AD3d at 650; Matter of Dill v Jose P., 236 AD3d 1378, 1379 [4th Dept 2025]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 21, 2026